# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BOOMJ.COM, *et al.*,

    Plaintiffs,

v.

GEORGE PURSGLOVE,

    Defendant.

Case No. 2:08-CV-00496-KJD-LRL

**ORDER**

    Presently before the Court is Defendant George Pursglove's Motion for Partial Summary Judgment (#78). Plaintiffs filed a response in opposition (#93) to which Defendant replied (#94).

I.  Facts

    On or about November 14, 2006, Defendant/Counterclaimant George Pursglvoe ("Pursglove") was named President and CEO of Plaintiff Boomj.com ("Boomj").  Pursglove was paid $6,925.00 biweekly as his compensation for serving as President and CEO.  Pursglove was employed until October 24, 2007 when he resigned.  Several weeks prior to resigning Pursglove decided that Boomj executives, including himself, would forego their compensation due to the poor financial state of the company.  The last paycheck that Pursglove received was on September 21, 2007 for the pay period ending September 14, 2007.  In 2007, until he resigned his position on October 24, 2007, Pursglove was not paid wages for the pay period from September 14 to September

28, for the pay period from September 28 to October 12, and the pay period from October 12 to October 26.

Pursglove made many oral requests to be paid for those pay periods after he resigned. He made his first written request on or about February 11, 2008. Pursglove then filed the present counterclaim for wage recovery on May 6, 2008. He has now moved for summary judgment on his wage claim under NRS § 608.030.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th

Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III.  Analysis

Though Pursglove has set out a *prima facie* case for his wage recovery claim under NRS § 608.030 and 608.040, Boomj argues that he waived his right to compensation when Pursglove, as President and CEO, decided to stop compensating Boomj executives.  A waiver is the intentional relinquishment of a known right.  See Mahban v. MGM Grand Hotels, Inc., 691 P.2d 421, 423-24 (1984).  A waiver may be implied from conduct which evidences an intention to waive a right, or by conduct which is inconsistent with any other intention than to waive the right.  See Mahban, 691 P.2d at 424 (citing Reynolds v. Travelers' Ins. Co., 28 P.2d 310 (1934)).  Whether there has been a waiver is a question for the trier of facts. See Mahban, 691 P.2d at 424.

Though Boomj incorrectly asserts as an alternative ground that Pursglove waited too long to make his wage claim, Boomj has raised genuine issues of fact regarding the wage claim that must be resolved by a trier of fact.  Whether Pursglove merely "deferred" his wages or intentionally relinquished a known right to be paid his wages must be determined by a finder of fact.  Accordingly, Pursglove's motion for partial summary judgment is denied.

///

///

///

3

IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant George Pursglove's Motion for Partial Summary Judgment (#78) is **DENIED**.

DATED this 29th day of September 2010.

_____
Kent J. Dawson
United States District Judge