**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BOOMJ.COM, et al., | ) |
| Plaintiffs, | ) |
| | ) 2:08-cv-00496-KJD-LRL |
| v. | ) |
| | ) **O R D E R** |
| GEORGE PURSGLOVE, | ) |
| Defendant. | ) |

Before the court is defendant's Emergency Motion to Compel Deposition of Robert McNulty and For Sanctions (#105). The court has considered the motion (#105), plaintiff's Opposition (#111) and defendant's Reply (#112). For the following reasons, the motion will be granted in part.

The discovery deadline in this case was initially set for November 6, 2008. Scheduling Order (#23). On August 25, 2009, the court reset the discovery deadline for December 21, 2009. Minutes (#50). Pursuant to the November 24, 2009, Order on Stipulation (#64), the discovery deadline was again extended to January 22, 2010. On November 16, 2010, the discovery deadline was again reset for February 1, 2011, based in part on the fact that the parties were to engage in mediation on December 14, 2010. Order (#103). Because the mediator required additional documents from plaintiff, the mediation was continued for approximately one month. Mot. (#105) at 2. During that time, discovery was at a stand still. On January 22, 2011, defendant rejected plaintiff's offer to settle. The same day, defendant noticed the deposition of Robert McNulty – the CEO and agent for plaintiff BoomJ.com – on February 17, 2011 at 10 a.m.

On January 26, 2011, defendant's counsel, Jessica K. Peterson, received a phone call from plaintiff's counsel noting that the deposition was scheduled to occur after the closing date for discovery. Accordingly, the parties entered into another Stipulation and Order to Extend Discovery to March 1,

2011, and the date by which to file the pretrial order to April 4, 2011, which the court approved on January 31, 2011. Order (#103). On February 17, 2011 at 9:30 a.m., plaintiff's new counsel, Joseph Maridon, called Peterson to tell her that McNulty was going to the dentist and would be unable to attend the deposition. Peterson indicated that the timing seemed rather convenient, and absent a note from the dentist, the payment of the court reporter's cancellation fee, and the immediate rescheduling of the deposition, she would file a motion to compel and for sanctions. Maridon said he'd pay the cancellation fee and provide a note from the dentist.[1]  They agreed to reschedule the deposition for February 25, 2011.

Unfortunately, when McNulty arrived for the February 25 deposition, he was feeling "buzzed" from having taken the Vicodin prescribed to him by his doctor. In response to defense counsel's queries, McNulty stated he wasn't feeling well and was buzzed, and he admitted that this may impact his ability to answer questions. Exh. 1 to Mot. (#105) at Depo. p.13, lines 1-9. Defense counsel terminated the deposition, and all agreed that the deposition would be continued to a time when McNulty would be better able to answer questions. Concerned that the discovery deadline was approaching, and because McNulty's deposition had been scheduled and re-scheduled four times, defendant on March 3, 2011 filed the instant Motion to Compel and for Sanctions (#105). Plaintiff argues that the motion (#105) is pointless because the deposition was in fact rescheduled; and sanctions aren't warranted because plaintiff can't control whether and when McNulty feels pain and takes pain medication. During the week of March 7, 2011, Maridon informed defense counsel that McNulty could be available that week. McNulty's deposition was rescheduled for March 17, 2011. Accordingly, the motion (#105) is moot as it pertains to compelling McNulty's deposition; the only remaining issue is whether sanctions are warranted.

There is no dispute that McNulty's use of Vicodin, and its impact on his ability to answer questions, was the sole reason for cancelling the February 25, 2011 deposition. Notably, however, the

---

[1] As of the filing of the Motion (#105), defendant had not been reimbursed the costs nor received a note from the dentist. The facts and arguments related to that cancellation are not now before the court.

2

record does not indicate that McNulty used Vicodin in order to impede the deposition. Rather, he had suffered serious health complications and was prescribed the Vicodin for pain associated with those complications. *See* Exh. 1 to Mot. (#105) at Depo. p.13, lines 17-22. Thus, while defendant is entitled to the reimbursement of the reasonable costs of the cancelled deposition, including court reporter fees, any cancellation fee, and the reasonable attorney's fees associated with counsel's preparation for the cancelled deposition, the court will not order more extensive sanctions. *See* Rule 30(d)(2) (the court has authority to sanction any party who "impedes, delays, or frustrates the fair examination of the deponent"); *see also Henry v. Gill Industries, Inc.*, 983 F.2d 943, 947 (9th Cir.1993) (finding that earlier failures to appear are not purged by subsequent compliance). Further, inasmuch as plaintiff had agreed to reschedule the deposition, the court finds the defendant is not entitled to the fees and costs associated with bringing this motion to compel (#105).

Accordingly, and for good cause shown,

IT IS ORDERED that defendant's Emergency Motion to Compel Deposition of Robert McNulty and For Sanctions (#105) is granted to the extent that plaintiff shall pay the reasonable costs associated with the cancelled February 25, 2011 deposition, including the court reporter's fee, any cancellation fee, and the reasonable attorney's fees associated with preparation for the deposition.

IT IS FURTHER ORDERED that not later than **April 15, 2011**, defendant shall file an affidavit of fees and costs.

IT IS FURTHER ORDERED that the deadline to file the Pretrial Memorandum is extended to April 22, 2011.

DATED this 1st day of April, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**