# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BOOMJ.COM, *et al.*,

    Plaintiffs,

v.

GEORGE PURSEGLOVE, *et al.*,

    Defendants.

Case No. 2:08-CV-00496-KJD-LRL

**ORDER**

    Presently before the Court is Defendant/Counterclaimant George Purseglove's Motion to Discharge Writ of Garnishment (#174). Hutchison & Steffen ("H&S") filed a response in opposition (#180) to which Purseglove replied (#181).

I.  Analysis

    Hutchison & Steffen's Writ of Garnishment is based on a judgment for attorney's fees (#37) entered in this action on February 10, 2009. Hutchison & Steffen filed its motion to withdraw as counsel for George Purseglove on September 28, 2008. It also filed its motion for fees and costs on the same date. The order granting the motion to withdraw was entered on October 28, 2008 (#33). H&S's motion for fees and costs was unopposed and George Purseglove was unrepresented by counsel when the judgment was granted on February 10, 2009. Purseglove's present counsel entered his appearance on April 21, 2009.

On September 24, 2009, the Nevada Supreme Court rejected the holding and reasoning of the case, Gordon v. Stewart, 324 P.2d 234 (Nev. 1958), relied upon by H&S when it moved for entry of judgment for its attorneys fees and costs.  Argentena Consol. Mining Co. v. Jolley Urga Wirth Woodbury & Standish, 216 P.3d 779, 786 (Nev. 2009)("we reject...Gordon to the extent [that opinion] indicate[s] that the district court has the power to resolve a fee dispute in the underlying action irrespective of whether the attorney sought adjudication of a lien).  Instead, Argentena concluded "that in the absence of an enforceable charging lien, a client's request to extinguish a retaining lien, or the client's consent to the district court's adjudication of a retaining lien, the district court lacks jurisdiction to adjudicate the attorney-client fee dispute[.]" Id. at 788.

H&S did not have an enforceable charging lien because there was no judgment or settlement that could be enforced under NRS 18.015 until July 28, 2011.  Nor did Purseglove request extinguishment of a retaining lien or consent to the adjudication of a retaining lien.  Therefore, the Court was without authority when it entered the Judgment (#37) on February 10, 2009.  Since the Court lacked authority, the Judgment (#37) is vacated and the Clerk of the Court will strike it.  In the absence of a valid judgment, the Court must grant Purseglove's motion to discharge the writ of garnishment.[1]

////
////
////
////
////
////
////

---

[1] The Court recognizes that it has authority under NRS 18.015 to adjudicate the rights of attorneys, clients and other parties and enforce a lien upon motion of an attorney having a lien under this section.  Argentena also makes clear that an attorney may seek adjudication of a fee dispute against a former client in a separate proceeding.  Id. at 787.

II.  Conclusion

  Accordingly, IT IS HEREBY ORDERED that the Judgment (#37) is **VACATED**;

  IT IS FURTHER ORDERED that the Clerk of the Court **STRIKE** the Judgment (#37);

  IT IS FURTHER ORDERED that Defendant/Counterclaimant George Purseglove's Motion to Discharge Writ of Garnishment (#174) is **GRANTED**.

  DATED this 12TH day of January 2012.

                   _____
                   Kent J. Dawson
                   United States District Judge

3